HAZEL B. HOLT *vs.* EUGENE J. SULLIVAN *et al., Co-adm'rs.*

JANUARY 24, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is an appeal from a decree of the probate court of the town of Johnston approving and confirming the report of a commissioner, in which a claim was disallowed as defective for the reason that it was not accompanied by an affidavit that a copy thereof had been given to the fiduciary as provided in G. L. 1956, §33-11-4. The cause was heard by a superior court justice who found, inter alia, that the claim should have been examined by the commissioner as validly filed and entered a final decree in accordance therewith. It is before us on the administrators' appeal therefrom.

The material facts are not in dispute. It appears from the record that Hazel B. Holt was divorced from Robert G. Holt on September 30, 1929 and that in connection therewith a property settlement agreement had been executed on January 18, 1929. By its terms Mr. Holt was to pay $235 a month to his former wife in lieu of alimony and

dower as long as she remained unmarried. That she did not remarry is not in issue. The agreement also provided in clause ninth: "This agreement shall be binding upon the executor or administrator of the husband." The record further discloses that from the entry of the final decree of divorce in September 1929, he made payments as provided until January 1932, when he unilaterally reduced them. When he died on March 10, 1960 he was in arrears in the amount of $17,599.

Shortly after the administrators had been qualified, and well within the six months' period, Mrs. Holt filed a claim against the estate of her former husband for the accumulated arrearage, interest and contingently for the future in the total sum of $45,166. A copy of the claim was forwarded to the administrators by certified mail on April 8, 1960 and a return receipt was received by her on April 11, 1960. The claim, though filed in the probate court as provided by law, did not contain an affidavit in accordance with §33-11-4, which reads as follows:

> "All persons having claims, including pending suits, preferred claims and claims of the executor or administrator, against the estate of a deceased person shall file statements of their claims in the office of the clerk of the probate court. Each statement of claims other than that filed by an executor or administrator shall contain an affidavit that a copy of the statement was transmitted by hand delivery or forwarded to the executor or administrator or his attorney of record by registered or certified mail, return receipt requested."

The administrators concede that several days after the six months' period for filing had elapsed, one of them advised counsel for Mrs. Holt that her claim did not contain the affidavit referred to in the statute. It appears that thereafter, namely, on November 21, 1960, he filed an appropriate affidavit in the probate court.

The estate being insolvent, a commissioner was appointed

to examine all claims. Acting on the assumption that the provision calling for an affidavit was mandatory, hence jurisdictional, the commissioner disapproved the claim. The probate court, confirming and approving the disallowance by the commissioner for the reason stated, entered a decree accordingly. From this decree Mrs. Holt duly claimed an appeal to the superior court.

After hearing, the superior court justice held that the statutory provision referred to was not jurisdictional and decided that Mrs. Holt had a valid claim for $17,599, plus interest to the date of decedent's death in the amount of $6,699. He further held that by the ninth clause of the settlement agreement, deceased had contracted to make his estate liable for $235 monthly after his death until Mrs. Holt should have either died or remarried. In connection therewith he decided that Mrs. Holt was entitled to $5,170 from the date of decedent's death to the time of the hearing and contingently to the further sum of $28,200 based on her life expectancy at the agreed monthly rate.

The administrators assigned as reasons for their appeal: first, that the court erred in holding that the statutory provision providing for an affidavit was not jurisdictional and, second, that it erred in holding that by the terms of the agreement Mrs. Holt was entitled to have the monthly payments continued after the death of her former husband.

The administrators contend in effect that the intent of the legislature in providing that claims filed against the estates of deceased persons shall contain the affidavit referred to in §33-11-4 was to assist other creditors, heirs or next of kin in determining the status of their interest in the light of the total claims filed against the estate. It was not, at least primarily, they argue, to relieve a fiduciary of the burden of examining the probate records from time to time so as to determine what claims had been filed within the six months' period allowed by law. In the light of over-all

probate practices and procedures as set forth in the pertinent statutes, we are not persuaded that these contentions are sound.

By the provisions of §33-11-14 an executor or administrator has thirty days after the six months' period for filing has elapsed in which to disallow a claim. The fact that a claim which had been filed in the probate court also contained a sworn statement that a copy of it had been delivered to the fiduciary would be of no assistance to an interested party in determining the ultimate status of the estate until after the fiduciary's period of grace had elapsed, at which time the information could certainly serve no useful purpose. Moreover, §33-11-14 further provides for the right of any interested person to disallow a claim without consulting the executor or administrator.

Indeed it can be argued with equal force, if not more convincingly, that in providing for the affidavit in question the legislature intended to afford to a claimant a prior assertion of his claim and notice thereof to the proper fiduciary in the event of any subsequent dispute occasioned by the death of either the fiduciary or the claimant. Be that as it may, however, we are of the opinion that the primary purpose of the legislation was to require that a copy of the claim should be placed in the hands of the executor or administrator simultaneously with or prior to the filing of the claim in the probate court. For this reason we are constrained to hold that the trial justice did not err in determining that the provision was not jurisdictional in nature.

Nor is there any merit in the administrators' contention that Mrs. Holt was not entitled to receive the stipulated monthly payments after the death of her former husband. By the very terms of the settlement agreement, it was expressly provided that the benefits inuring to her were to be in lieu of alimony *and dower*.

A divorcee is not entitled to share in the estate of her

former husband, and by referring to the right of dower Mr. Holt, it seems to us, clearly indicated an intention to provide for the support of Mrs. Holt after his death.

The administrators' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Martin M. Zucker,* for Hazel B. Holt.

*Eugene J. Sullivan, James A. Higgins,* for the administrators.